IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD JONES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-1281-NJR |
| S. QUICK, C. WALL, and FRANK LAWRENCE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Reginald Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights at both Menard and Pinckneyville Correctional Centers ("Pinckneyville"). In the Complaint, Plaintiff alleges C. Wall used excessive force against him and S. Quick and Frank Lawrence denied him access to the grievance process.[1] He asserts claims against the defendants under the First and Eighth Amendments. Plaintiff seeks declaratory relief, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff initially filed a letter with the Court (Doc. 1) and was directed to file a formal Complaint (Doc. 3). He then filed his formal Complaint (Doc. 6) on December 13, 2019.

1

## The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 6): On July 15, 2019, Plaintiff assaulted a staff member at Pinckneyville and was restrained by a number of officers including Wall. Wall pepper sprayed Plaintiff. He and three other officers then restrained and handcuffed Plaintiff. Wall sat on Plaintiff's back and tightened the handcuffs stating, "Here, take these with you!" (*Id*. at p. 42). The tightened handcuffs caused lacerations on his wrists and the lacerations burned from the pepper spray. The lacerations are still visible to this day, and Plaintiff still suffers from numbness and shooting pain (*Id.* at pp. 42-43).

After the assault, Plaintiff was transferred to Menard. Upon his arrival he was assaulted by fifteen Menard staff members and the two transferring officers (Doc. 6, p. 32). Plaintiff received a grievance form from Quick on August 7, 2019, and he submitted the grievance on August 12, 2019 regarding the staff assault. The grievance was labeled an emergency and submitted to the warden, but Lawrence deemed the grievance not an emergency. Plaintiff then submitted the grievance to Quick (*Id*.).

On August 18, 2019, Plaintiff sent Quick a request for two more grievance forms. Quick replied that Plaintiff would be put on a list for more forms (Doc. 6, p. 33). He never received them. On August 25, 2019, he submitted another letter to Quick for grievance forms and money vouchers because his deadline for submitting a grievance on Wall's use of excessive force was approaching, but he did not receive a response from Quick. Because Quick did not provide him with grievance forms, Plaintiff was forced to submit his grievance to the Administrative Review Board ("ARB") on regular paper (*Id*. at p. 37). The ARB has never acknowledged the receipt of his grievances (*Id*. at p. 39). He informed Lawrence of Quick's failure to provide grievance forms, but Lawrence did not respond (*Id*. at pp. 37 and 44). Plaintiff alleges that Quick's failure to provide grievance forms impaired his ability to properly exhaust his administrative remedies and to pursue his current lawsuit (*Id.* at pp. 34 and 36). Plaintiff also alleges that Quick's actions were in retaliation for Plaintiff filing his grievance about the staff

assault at Menard. Since submitting that grievance to Quick, he has been unable to obtain additional grievance forms (*Id*. at p. 40).

### Preliminary Dismissals

In Plaintiff's Complaint (Doc. 6) he notes that he was denied medical care for his injuries after the use of excessive force at Pinckneyville (Doc. 6, p. 42). He also discusses an assault by staff upon his arrival at Menard (*Id.* at p. 32). He fails, however, to associate either of these potential claims with any of the named Defendants. He only discusses the assault in relation to the grievances he attempted to file. Accordingly, to the extent Plaintiff seeks to raise these claims in his Complaint, he fails to state a claim, and those claims should be considered **DISMISSED without prejudice.**

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following three counts:

> **Count 1:** **Wall used excessive force on Plaintiff in violation of the Eighth Amendment.**
>
> **Count 2:** **Quick and Lawrence retaliated against Plaintiff by failing to provide him with grievance forms in violation of the First Amendment.**
>
> **Count 3:** **Quick interfered with Plaintiff's access to the courts by denying him grievance forms in violation of the First Amendment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Severance

Count 1 regarding the use of excessive force by Wall at Pinckneyville is unrelated to Plaintiff's claims in Counts 2 and 3 related to Plaintiff's ability to file grievances at Menard. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 1 against Wall and open a new case with a newly-assigned case number.

### Count 2

At this stage, the Court finds that the Complaint states a viable claim for retaliation in Count 2. *Antoine v. Ramos*, 497 F. App'x 631, 633-4 (7th Cir. 2012); *See McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009)); *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015) ("turning a blind eye" to alleged constitutional violation).

### Count 3

Plaintiff fails to state a claim that Quick's actions have interfered with his access to the courts. Inmates have the right to petition the government for redress of grievances, which includes access to the courts to present their complaints. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). Plaintiff, however, has not adequately alleged that his access to the courts has been impeded by Quick's actions. Although Quick has allegedly denied him access to grievances, the unavailability of administrative remedies is not a bar to potential litigants bringing their claims. *See Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016). Thus, Plaintiff fails to allege that Quick's actions led to an actual injury and that he was hindered in his efforts to pursue this case. *May v. Sheahan*, 226 F.3d. 876, 883 (7th Cir. 2000); *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003), abrogated on other grounds as recognized in *Clark v. United States*, 360 F. App'x 660, 661 (7th Cir. 2009). In fact, Plaintiff has filed this suit and argues that he exhausted his administrative remedies because he was thwarted in his attempts to file grievances (Doc. 1, p. 5). Accordingly, Count 3 is **DISMISSED without prejudice.**

**Pending Motions**

Plaintiff's motion for temporary restraining order ("TRO") and/or preliminary injunction (Doc. 7) seeks a transfer to another prison, access to the grievance process and law library, access to medical and mental health services, and shower and shaving access. His claims in this case focus only on his ability to file grievances; he has not alleged that any defendants have denied him access to health services or hygiene items, including showers and shaving materials. Although he does mention an attack by guards at Menard, the attack is not the focus of this Complaint nor has he identified any individuals involved in the attack as Defendants in this case. Thus, to the extent that he seeks a transfer due to the continued threat of attack, access to health services, and shower and shaving access, those requests are denied as they are not related to the claims in this case. In order to seek relief for those alleged violations, Plaintiff would have to file a new lawsuit after first exhausting his administrative remedies as to those claims.

To the extent that Plaintiff alleges that he does not have access to the prison grievance system, the Court finds that he is not entitled to a TRO. A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Plaintiff has not made a clear showing of immediate or irreparable injury if he is continued to be denied access to the grievance process. The Court, however, **DIRECTS** Defendant Lawrence to respond to the motion for preliminary injunction in an expedited fashion. Defendant Lawrence is **DIRECTED** to respond to the motion for preliminary injunction (Doc. 7) by **January 3, 2020**.

**Disposition**

Count 1 against Wall is severed into a new case. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 6); and
- Plaintiff's motion to proceed *in forma pauperis* (Doc. 9).

The only claims which remain in this case are Counts 2 and 3. Count 2 shall proceed against Quick and Lawrence. Count 3 is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants S. Quick and Frank Lawrence: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/20/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**