IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

    Plaintiff,

v.

S. QUICK and FRANK LAWRENCE,

    Defendants.

Case No. 19-cv-1281-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on two motions for preliminary injunction (Docs. 15 and 22) filed by Plaintiff Reginald Jones. Defendants have filed a response (Doc. 23) in opposition to the motions. Jones has filed two additional briefs in support of his motions (Docs. 24 and 25). On January 30, 2020, Defendants filed a motion to strike (Doc. 26) Jones's third motion for preliminary injunction (Doc. 22). Jones has filed a response (Doc. 34) in opposition to that motion. Jones also has filed two motions to compel (Docs. 29 and 33) seeking evidence to support his motions for injunctive relief.

## BACKGROUND

Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently housed at Menard Correctional Center ("Menard"), filed his Complaint alleging that Defendant Quick refused to provide him with grievance forms in retaliation for filing a grievance about a staff assault which occurred upon his arrival at Menard on July 15, 2019 (Doc. 12, p. 2). He alleges Defendant Lawrence refused to respond to his complaints about Quick, also in retaliation for Jones's grievance. Shortly after filing his

Complaint, Jones filed his first motion for injunctive relief in the form of a transfer to another prison (Doc. 7). Jones alleged that he had been unable to obtain additional grievances from Quick since he filed his first grievance about the staff assault (Doc. 7, p. 5). Quick ignored Jones's written requests for grievances and money vouchers. He had also been unable to obtain other services at Menard, including access to the law library, copies of case law, access to money vouchers, as well as access to the showers, barbershop, yard, and medical and mental health services (*Id*. at p. 6). He believed that this was all in retaliation for filing his original grievance. He also sought a transfer from Menard because of a fear of continued attacks by guards. Although his Complaint mentioned the July attack by guards at Menard, the attack was not the focus of his claims, and he failed to identify any individuals involved in the attacks as defendants. The Court denied his request for a transfer because it was unrelated to the claims in his current suit and directed Jones to file a new lawsuit if he wanted to pursue those claims. As to the claims regarding his access to the grievance process and other services, the Court directed Defendant Lawrence to respond to the motion in an expedited fashion (Doc. 12, p. 5).

On January 6, 2020, Jones filed an additional motion for injunctive relief (Doc. 15). In that motion, Jones alleged that since the filing of his Complaint, he has been facing unconstitutional conditions in retaliation for filing his Complaint. The water and toilet in his cell do not work. An Officer Morris and other officers have tried to enter his cell and attack him in retaliation for filing his lawsuit. They have shot pepper spray into his cell on numerous occasions and tried to unsecure the door jambs that Jones put on his door to keep them out (Doc. 15, p. 1). He also alleges that Officer Anderson has tried to remove Jones from his cell under the pretense that Jones needs a shower, in an attempt to get him

out of the cell to attack him. The officers have also threatened his family and referred to their names and addresses (*Id*. at p. 2).

In a third motion (Doc. 22), filed January 16, 2020, Jones alleged that there was an imminent threat to his life since the filing of his lawsuit. He again stated that Officer Morris and others shot pepper spray into his cell. Officer Morris also informed Jones that he had the names and contact information of Jones's family and told Jones that he will contact gang members in the prison in order to put a hit out on his family (*Id*. at p. 2). Jones's motion sought asylum for both him and his family.

Jones filed two additional supplements to his motions further describing the pepper spray attack by Officer Morris (*See* Docs. 24 and 25). He stated that Officer Morris discovered that Jones had placed a door jamb against his cell door while handing out mail and later returned with a sergeant to inspect the door jamb (Doc. 24, p. 2). They then returned and pepper sprayed Jones in an effort to enter the cell and kill him by breaking his neck (*Id*.). Morris also informed Jones that he obtained his family's address from a complaint Jones sent to the Inspector General and that he enlisted inmate gang members to put a hit out on his family (*Id*. at p. 3).

Defendants Quick and Lawrence filed a response (Doc. 23) in opposition to the motions. Relevant to Jones's second and third motions seeking asylum and a transfer, Defendants argue that the request is unrelated to the allegations in this case. Jones's allegations in this case focus on his access to the grievance system, while his motions for preliminary injunction primarily focus on the actions of Morris and other officers.

Defendants later filed a motion to strike Jones's third motion for preliminary injunction (Doc. 23) and supporting documents (Docs. 24 and 25) because the motion and

documents raised no new arguments and simply reiterated his second motion for preliminary injunction. Jones filed a response arguing that the allegations raised in his third motion were different because they included the submission of additional evidence in the form of a sample of the pepper spray used by Officer Morris (Doc. 34).

Jones later filed two motions to compel (Docs. 29 and 33) seeking discovery related to his second and third motions for preliminary injunction. He included a sample of the pepper spray which he requested be tested to confirm that he was indeed attacked with pepper spray by Officer Morris. He also sought copies of two complaints he submitted to the Executive Inspector General's Office that he believes is the basis for continued harassment by the officers. He also sought copies of his disciplinary history and grievances.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## ANALYSIS

The Court finds that Jones is not entitled to injunctive relief on his claims regarding the pepper spray attacks by Officer Morris and other correctional officers. Jones's Complaint consists of a single count of retaliation against Quick and Lawrence for failing to provide him with grievance forms. Jones initially sought a transfer as part of his original motion for preliminary injunction (Doc. 7) because of the continued threat of attack from the guards at Menard, but the Court denied that request as it was unrelated to the claims in this case. He was instructed to file a new lawsuit if he felt that his constitutional rights had been violated by the alleged guard assaults. Instead, Jones filed

his second and third motions for preliminary injunction, again requesting a transfer from Menard or protective custody due to new attacks by Officer Morris and other officers. Although the claims in those motions were unrelated to the claims in his lawsuit, the Court set these new motions for hearing with his initial motion for injunctive relief because Jones alleged that his life was threatened due to retaliation from filing his lawsuit and the allegations were severe.

Since the filing of these subsequent motions for injunctive relief, however, Jones has filed a new case against Officer Morris and the other officers for their alleged attacks. *See Jones v. Lawrence*, Case No. 20-cv-158-SMY (S.D. Ill., filed Feb. 10, 2020). This new lawsuit specifically focuses on attacks by guards at Menard, to include the attacks by Officer Morris (*See Jones*, Doc. 6, p. 3). Jones also filed a motion for preliminary injunction in that case, although it was denied because it was based on past events and Jones failed to articulate any specific threat to his safety (*Id*. at p. 10). Jones is not prevented from filing another request for preliminary injunction in that case should he feel that there is a continued threat to his safety. His request for injunctive relief regarding the alleged attacks by the guards is more properly brought in his new lawsuit because it relates to the claims in that lawsuit. Those claims are unrelated to the claims in this case which focus solely on the actions of Defendants Quick and Lawrence. Thus, to the extent that Jones seeks injunctive relief in this case for the actions of Officer Morris and other correctional officers, the Court **DENIES** those motions as unrelated to the claims currently in this case.

## CONCLUSION

Jones's second and third motions for preliminary injunction (Docs. 15 and 22) are **DENIED**. His motions to compel (Docs. 29 and 33), which are related to those motions, are **DENIED as moot**. Defendants' motion to strike (Doc. 26) is also **DENIED as moot**.

Jones's original motion for preliminary injunction (Doc. 7), which relates to his lack of access to the grievance process and other services, remains pending. A hearing on that motion remains set for **March 12, 2020**.

**IT IS SO ORDERED.**

**DATED: March 3, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**