IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

    Plaintiff,

v.

S. QUICK and FRANK LAWRENCE,

    Defendants.

Case No. 19-cv-1281-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion for preliminary injunction (Doc. 7) filed by Plaintiff Reginald Jones.[1] Defendants have filed a response (Doc. 23) in opposition to the motion. The Court held a hearing on March 12, 2020.

## BACKGROUND

Jones, an inmate of the Illinois Department of Corrections ("IDOC") who is currently housed at Menard Correctional Center ("Menard"), filed his Complaint alleging that Defendant Quick refused to provide him with grievance forms in retaliation for Plaintiff filing a grievance about a staff assault which occurred on July 15, 2019, upon his arrival at Menard (Doc. 12, p. 2). He alleges Defendant Lawrence refused to respond to his complaints about Quick, also in retaliation for Jones's grievance. Shortly after filing his Complaint, Jones filed his motion for injunctive relief in the form of a transfer to another prison (Doc. 7). Jones alleges that he has been unable to obtain additional

---

[1] Jones filed two additional motions for preliminary injunction (Docs. 15 and 22) that were unrelated to the claims in this case and subsequently dismissed.

grievances from Quick since he filed his first grievance in August 2019 about the staff assault (Doc. 7, p. 5). Quick ignored Jones's written requests for grievances and money vouchers. He has also been unable to obtain other services at Menard, including access to the law library, copies of case law, access to money vouchers, as well as access to the showers, barbershop, yard, and medical and mental health services (*Id*. at p. 6). He believes that this is all in retaliation for filing his original grievance.

Defendants filed a response (Doc. 23) to the motion arguing that the request for injunctive relief should be denied because Jones has not shown a likelihood of success on the merits. Defendant Quick submitted an affidavit in support of the response testifying that Jones requested a grievance form from her on July 18, 2019 and she provided him with a grievance form (Doc. 23-1, p. 2). On August 16, 2019, Jones submitted an emergency grievance on the provided form (*Id*.). Jones has not requested any further grievance forms from Quick, but she testified that he may obtain a form in his cellhouse from staff. According to Quick, grievance forms are kept on the sergeant's desk in segregation and are distributed to inmates upon request (*Id*.). Quick also pointed to Jones's cumulative counseling summary which shows that she spoke to him on at least five occasions and he stated that he was okay (*Id*. at p. 3; Doc. 23-3). There is no indication in the counseling summary that he requested any grievances during those meetings (Doc. 23-3, p. 1).

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay

Kane, Federal Practice and Procedure § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## ANALYSIS

The Court finds that Jones is not entitled to a preliminary injunction because he has not shown a likelihood of success on the merits. Jones testified that he has been able to attend the law library and now has access to other services, leaving only the issue with his access to the grievance process. Jones testified that he received grievances from a correctional officer in January 2020 after requesting additional grievance forms from Quick through the institutional mail. Thus, Jones is currently receiving access to the grievance process.

Jones did testify that he had been denied access to grievance forms in the past. He testified that he submitted a request for two additional grievance forms from Quick on August 18, 2019, and that she responded that he would be added to the list to receive grievances (Doc. 5, p. 3). But Jones testified that he never received those grievances. Quick acknowledged that she received the letter from Jones and that she responded to him, adding his request to a list that she gives to the sergeant in the cellhouse to hand out grievances. The Court acknowledges that there is a dispute of fact as to whether Jones received additional grievances after he requested them in August 2019, but the evidence before the Court demonstrates that he now has access to grievance forms. He acknowledged that he received grievance forms and money vouchers from a correctional officer in January after putting in a request for those items to Quick. Quick testified that grievance forms are also available in the cellhouse and that she meets with inmates every thirty days. Because Jones has now received grievance forms and he has not offered any evidence to suggest that he cannot obtain grievance forms in the future, a preliminary injunction is not warranted. Further, to the extent he requested a transfer to another

prison, a transfer is an extraordinary remedy and is not warranted in this case for an apparent inability to obtain grievance forms on one occasion.

Jones also makes much of the grievance forms themselves. He testified that the grievance forms he received in August 2019 were not valid because they were old forms with a date of 2012. He testified that the forms have been updated several times since 2012, making the forms he was given invalid. Quick testified that the grievance forms are the same forms given to every inmate at Menard and that she did not receive an updated grievance form from IDOC until January 2020. Although the forms may be old as Jones testified, there is no evidence to suggest that the forms are invalid or that he is prevented from exhausting his administrative remedies because of the form itself. He testified that he received a response to his grievance from the warden and his counselor (See also Doc. 7, p. 15). He also acknowledged that he submitted the grievance to the grievance officer where it is still pending. He has not presented any evidence that the grievance will be denied because it was written on an outdated form. Jones, thus, fails to demonstrate that he is being denied access to the grievance process.

## Conclusion

For the reasons stated above, the Court **DENIES** Jones's motion for preliminary injunction (Doc. 7).

**IT IS SO ORDERED.**

**DATED:** March 13, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**