IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD JONES,**

        **Plaintiff,**

v.

**SANDRA QUICK, et al.,**

        **Defendants.**

**Case No. 19-cv-1281-NJR**

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Reginald Jones's motion to compel (retention of personal property) (Doc. 70). In response, Defendants filed a motion to strike Jones's motion (Doc. 71). Jones filed a response to Defendants' motion (Doc. 72).

Jones's original motion is difficult to read and thus difficult to ascertain what exactly he is seeking, as noted by Defendants. His responsive brief is much easier to decipher, and he also attaches another version of his original motion which is easier to read.

Jones states that he is not filing a motion for discovery. Instead, his motion indicates that Frank Lawrence, a defendant in this case, conspired to place him in protective custody in May 2020, and Jones has been in segregation due to his refusal to go to protective custody. He notes that he has recently filed a case about this conspiracy and continues to refuse housing. His current outdate from segregation is December 16, 2020. He notes that his personal and legal property was previously taken from him

during a "strip out" from July 20, 2020, to August 19, 2020. It appears that the property was eventually returned to Jones. But Jones believes that prior to his outdate of December 16, 2020, when he will again refuse placement in protective custody, that he might be subject to another "strip out" and be deprived of his property. He requests an order from the Court preventing his property from being confiscated in a future "strip out".

The Court **DENIES** Jones's motion. To the extent he seeks injunctive relief, Jones's motion is unrelated to the claims in his current case. This case is related to the denial of grievances by Quick and Lawrence. His current motion appears to seek injunctive relief related to the prior confiscation of property and the possible future confiscation of property. This is a new claim, unrelated to the current claims in this case. If Jones believes that his property was improperly confiscated, he would have to file a new case after first exhausting his administrative remedies.

Jones's request for an order preventing discovery materials *in this case* from being confiscated from his cell for a period of time also fails. He has not shown that his materials are likely to be confiscated. Although Jones states that his request is not speculative, he offers no more than his own belief that he will be subject to a "strip out" because he was previously subject to a "strip out" in July 2020. He offers no evidence that the confiscation of his property is imminent. Further, Jones acknowledges that he eventually received his property back from staff (Doc. 72, p. 10). Thus, even if he is subject to a "strip out" he has not shown that he will lose all access to those materials. Although Jones argues that any confiscation of his material could prevent him from litigating this case, the Court finds that there is nothing currently pending that would require Jones to access his legal

materials. Jones has already filed a response to Defendants' summary judgment motion on the issue of exhaustion and there are no current deadlines which would require that Jones have immediate access to his legal materials.

Accordingly, the Court **DENIES** Jones's motion to compel. Defendants' motion to strike is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:   December 1, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**