IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-1281-NJR |
| ) | |
| ) | |
| **SANDRA QUICK,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on discovery motions filed by Plaintiff Reginald Jones. Jones filed a motion for limited discovery (Doc. 76). Defendants filed a response to that motion (Doc. 80), and Jones filed a reply (Doc. 82). Jones also filed a motion to compel (Doc. 78), and Defendants filed a motion to strike Jones's motion to compel (Doc. 79).

**A. Motion for Limited Discovery (Doc. 76)**

Jones's motion for limited discovery seeks copies of all grievances that he filed during his over 20 year stay within the Illinois Department of Corrections ("IDOC"). Jones believes the grievances, which total seven in number, will show the revision dates of IDOC's grievance forms and demonstrate IDOC's failure to revise its forms during the relevant time period. In response, Defendants note that the grievances are from 1997 to 2017 and not related to the allegations in this case, which occurred in 2019.

The Court does not find that the grievances themselves are relevant to whether Jones exhausted his administrative remedies. To the extent that he argues that the grievance forms have

1

been improperly revised, he may raise that argument at the evidentiary hearing, but the actual forms themselves are not needed to make that argument. The motion is **DENIED**.

### B. Motion Compel (Doc. 78)

Jones's motion to compel seeks to retain his personal property. He indicates that he will face a potential "strip-out" of property when he ultimately refuses housing and that his lack of property will affect his ability to prepare for the evidentiary hearing. Defendants request that the Court strike the motion as it raises nearly identical arguments to Jones's previous motion to compel (Doc. 70), which this Court denied. The only change in circumstances that Jones notes is that the Court has now set a date for the evidentiary hearing.

Jones's motion is in fact nearly identical to the motion he previously filed (Doc. 70) and identified in other motions (Doc. 77). Jones has not shown that his property has been taken away from him or that he faces a possible "strip-out" of his property prior to the evidentiary hearing. His belief is based on pure speculation. Should Jones's property be confiscated prior to the hearing, he may raise that issue with the Court at that time. But at this time, he has not shown that his property is likely to be confiscated.

Accordingly, his motion is **DENIED** (Doc. 78). Defendants' motion to strike (Doc. 79) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED: 1/14/2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**