IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

               Plaintiff,

v.                                   Case No. 19-cv-1281-NJR

SANDRA QUICK and
FRANK LAWRENCE,

               Defendants.

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on several motions filed by Plaintiff Reginald Jones. Jones filed a motion to reconsider, seeking a reconsideration of the Court's Order granting summary judgment for Defendants and dismissing the case for failure to exhaust administrative remedies (Doc. 118). Defendants Sandra Quick and Frank Lawrence filed a response (Doc. 119) in opposition to the motion, and Jones filed a reply brief and supplement (Docs. 120, 121, and 129). Jones also filed a motion for sanctions (Doc. 122). Defendants also responded (Doc. 123) to that motion, and Jones filed a reply brief (Doc. 124). Jones also filed two motions for clarification (Docs. 125 and 126).

## BACKGROUND

On August 6, 2020, Defendants Quick and Lawrence filed a motion for summary judgment, arguing that Jones failed to exhaust his administrative remedies (Docs. 58 and 59). Jones filed a response and supplements (Docs. 63, 64, and 66). Attached to

Defendants' motion were several exhibits, including a copy of Jones's August 12, 2019 grievance (Grievance No. 162-8-19) (Doc. 59-5). Subsequently, Jones filed two motions to compel the production of the original grievance (Docs. 86 and 95). Jones alleged the grievance he received from Defendants was a photoshopped copy and was cropped (Doc. 86, p. 3). Jones later indicated that Defendants sent him the same cropped copy in response to a request for production (Doc. 95, p. 2). He believed this was done to interfere with his ability to present his side at the evidentiary hearing (*Id*. at pp. 2-3). The Court directed Defendants to present the original grievance at the evidentiary hearing or come to the hearing prepared to explain why the original was not available (Doc. 97). Prior to the hearing, Defendants requested to submit the original grievance as a supplement (Doc. 102).

On February 3, 2021, the Court held an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). Jones and grievance officer Kelly Pierce testified at the hearing. Jones argued that he was unable to exhaust his claims against Quick and Lawrence because they denied him access to grievance forms. As to Grievance No. 162-8-19, the Court granted Defendants' motion to supplement with the original grievance, and the grievance was entered into the record. Pierce also brought the grievance to the hearing from Jones's master file (Doc. 113, p. 27).

After the hearing, the Court granted the motion for summary judgment and dismissed Jones's claims for failure to exhaust his administrative remedies (Doc. 114). The Court found that the only grievance on file during the relevant time period, Grievance No. 162-8-19, could not exhaust the claims in this case, because the events

which made up the retaliation claim in this case took place after the filing of Grievance No. 162-8-19 (*Id.* at p. 10). In fact, Jones alleged that Quick and Lawrence retaliated against him because he filed Grievance No. 162-8-19. The Court found that Jones did not make attempts to obtain grievance forms in order to grieve his issues with Quick and Lawrence, even though he could have obtained them from any correctional officer in his housing unit (*Id.* at p. 11). Further, the grievance forms were not invalid nor were they superseded by revised forms (*Id.* at p. 12). Finding that Jones failed to exhaust his administrative remedies, the Court dismissed his claims and entered judgment in favor of Defendants (Docs. 114 and 115).

Jones now asks the Court to reconsider its order. He also moves for the Court to sanction Defendants for attaching what he believes to be a "photoshopped" copy of Grievance No. 162-8-19 to their motion for summary judgment.

## LEGAL STANDARDS

### A. Motion to Reconsider

Although Jones fails to indicate which Federal Rule of Civil Procedure he brings his motion under, the motion will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what

their substance, all post-judgment motions filed within [28] days of judgment would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and

not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

### B. Motion for Sanctions

Federal Rule of Civil Procedure 11(b) states that by presenting "a pleading, written motion, or other paper [to the Court]…[the] party certifies that to the best of the person's knowledge…it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fraudulent behavior can warrant sanctions. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (citing *Hoskins v. Dart,* 633 F.3d 541, 544 (7th Cir. 2011) (affirming the dismissal of a suit in which the plaintiff lied about his litigation history and applicability of the prepayment requirement in 28 U.S.C. § 1915(g)); *Ridge Chrysler Jeep, LLC v. DaimlerChrysler Financial Services Americas LLC,* 516 F.3d 623, 626–27 (7th Cir. 2008) (affirming dismissal against plaintiff who lied to obtain interlocutory relief); *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 759 (7th Cir. 2005) (affirming dismissal where plaintiff engaged in fraudulent misconduct that delayed lawsuit); *Thomas v. General Motors Acceptance Corp.,* 288 F.3d 305, 308 (7th Cir. 2002) (concluding that the district court did not abuse its discretion by dismissing case as sanction for lying on application to proceed *in forma pauperis*)).

## ANALYSIS

### A. Motions for Clarification

Jones's first motion for clarification (Doc. 125) asks to clarify that his motion for sanctions (Doc. 122) was brought pursuant to Federal Rule of Civil Procedure 11(b). The Court **GRANTS** the motion to clarify (Doc. 125). To the extent the motion provides additional argument regarding his motion for sanctions, the Court construes the motion as a supplement to his original motion.

Jones's second motion for clarification (Doc. 126) asks for an Order directing defense counsel to certify she has the original Grievance No. 162-8-19 in her possession or has seen the original document. But the original grievance was provided at the evidentiary hearing, and Kelly Pierce testified that the grievance was the original from Jones's master file. Thus, further certification from defense counsel is not needed; the Court has reviewed both the original grievance at the hearing and the grievance attached to Defendants' summary judgment motion. Accordingly, the motion to clarify (Doc. 126) is **DENIED**.

### B. Motion to Reconsider

Jones's motion to reconsider fails under both Rule 59(e) and 60(b). Jones neither raises a mistake of law nor newly discovered evidence.[1] He also does not offer any

---

[1] Jones indicates in his reply that he offers his cumulative counseling summary, pointing to a 4/4/2018 grievance regarding property which he indicates supports his argument regarding the validity of the grievance forms and the exhaustibility of Grievance No. 162-8-19, but the Court finds that the document is not relevant nor is it newly discovered. A copy of the cumulative counseling summary was submitted with Defendants' motion (Doc. 59-6), and Jones had ample opportunity to point out any entries he wanted the Court to consider. Further, as discussed in this Order and the Court's Order granting summary judgment, the issues raised by Jones were

evidence of mistake, surprise, or excusable neglect.

Instead, Jones merely rehashes arguments he previously made in his responsive brief. He argues that the exhaustion of Grievance No. 162-8-19 was irrelevant to whether he exhausted his claims against Quick and Lawrence and that he never argued that it was relevant to this case. But the Court noted that the grievance was not relevant as the claims at issue in this case occurred after Jones filed Grievance No. 162-8-19 (Doc. 114, p. 10). The Court did not base its ruling on whether or not Jones exhausted that grievance. The Court also previously addressed and dismissed Jones's argument that the grievance forms were invalid, which he re-raises in his motion to alter judgment. Jones also argues that the Court failed to consider his statements in an affidavit attached to his Complaint (Doc. 6) regarding his attempts at exhaustion, but the Court allowed Jones to testify as to his attempts at exhaustion and found his testimony lacking in credibility. He offers no new evidence or arguments that changes the Court's findings. Accordingly, his motion to reconsider (Doc. 118) is **DENIED**.

## C. Motion for Sanctions

To the extent that Jones requests a hearing to answer additional questions he has about the grievance attached to Defendants' motion, that request is **DENIED**. Jones's Motion for Discovery and Motion for Sanctions (Doc. 122) argues that the grievance Defendants presented at the February 3, 2021 evidentiary hearing was not an exact copy of the grievance presented in their motion (Doc. 59). Jones argues that the copy in

already considered and rejected in finding Jones failed to exhaust his administrative remedies.

Defendants' motion lacked certain identifying features from the original grievance including: circles around information on the first two pages and the time/date stamp for when the grievance officer received the grievance. Jones argues that Defendants fraudulently presented a "photoshopped" document to the Court in its summary judgment motion and then tried to cover it up by presenting the correct document at the hearing.

The Court finds no evidence to suggest that Defendants sought to defraud the Court, as Jones suggests. There is no evidence that Grievance No. 162-8-19 was "photoshopped." The two documents submitted by Defendants were substantially the same in terms of the content of the grievance and counselor's response. Although the document attached to the motion is cropped, there is no indication that the statements in the grievance were altered in any fashion. The document presented at the hearing contained only additional later markings including the receipt by the grievance office and circles on certain words. The fact that the version of the grievance attached to Defendants' summary judgment lacked these additional markings does not indicate an attempt to mislead Jones or the Court. The grievance is essentially the same and, in any event, Jones was later provided with the updated grievance, with grievance officer response, at the hearing. Further, Jones has made clear on several occasions, including in his motion to reconsider (Doc. 118), that Grievance No. 162-8-19 is not even relevant to the claims in his Complaint. Thus, the fact that the most recent grievance with grievance officer response was not initially attached to Defendants' motion caused Jones no prejudice in responding to Defendants' motion nor did it have any effect on the Court's ruling.

CONCLUSION

Accordingly, Jones's motion for reconsideration (Doc. 118) and motion for discovery and sanctions (Doc. 122) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 17, 2021**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**