IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD JONES,

                Plaintiff,

v.                                                                          Case No. 19-cv-1281-NJR

SANDRA QUICK and
FRANK LAWRENCE,

                Defendants.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Reginald Jones's motion for reconsideration (Doc. 135) of the Court's Order (Doc. 134) denying both a motion for sanctions and a previous motion to reconsider the judgment in this case. Defendants Sandra Quick and Frank Lawrence filed a response (Doc. 138) in opposition to the motion. Jones also filed two motions to supplement (Docs. 139 and 142) his original motion. The Court **GRANTS** those motions (Docs. 139 and 142) and will consider the arguments presented in those as supplements to Jones's original motion.

The Court on two previous occasions has set forth the facts and background leading up to Jones's newest motion to reconsider (*see* the Court's February 26, 2021 Order (Doc. 114) granting Defendants' motion for summary judgment and the June 17, 2021 Order (Doc. 134) denying Jones's motion to reconsider and motion for sanctions). Jones's current motion to reconsider asks the Court to reconsider its Order denying the request to sanction Defendants for attaching a "photoshopped" copy of Grievance No.

Page 1 of 4

162-8-19. Additionally, Jones again asks the Court to reconsider and deny Defendants'

motion for summary judgment on the issue of administrative exhaustion.

Although Jones fails to indicate which Federal Rule of Civil Procedure he brings

his motion under, the motion will automatically be considered as having been filed

pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedures. *See, e.g.,*

*Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days

of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on

the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*,

517 F.3d 489, 493 (7th Cir. 2008) (emphasis in the original) (citing *Borrero v. City of Chicago*,

456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter

what their substance, all post-judgment motions filed within [28] days of judgment

would be considered as Rule 59(e) motions – no longer applies")). Nevertheless, a motion

to reconsider filed more than 28 days after entry of the challenged order "automatically

becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)

(citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W.*

*Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be

granted if a movant shows there was a mistake of law or fact, or presents newly

discovered evidence that could not have been discovered previously. *Matter of Prince*,

85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519

U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error'

is not demonstrated by the disappointment of the losing party. It is the wholesale

disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). A movant may not use a Rule 59(e) motion to present evidence that could have been submitted before entry of the judgment. *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell,* 51 F.3d at 749; *Rutledge v. United States,* 230 F.3d 1041, 1052 (7th Cir. 2000).

To the extent that Jones argues the Court should again reconsider its Order granting the summary judgment on the basis of exhaustion (see Doc. 142), that motion is **DENIED**. Jones again rehashes the same arguments he raised in his original responsive brief (Doc. 63), his testimony, and his motion to reconsider (Doc. 118). He argues that Defendants prevented him from filing grievances and denied him access to the grievance process. The Court has already considered his testimony on this subject both in its original Order and the Order denying his first motion to reconsider and found his

testimony lacking in credibility. Although Jones argues that his testimony about the grievance process was found credible in another case, *Jones v. Wall*, Case No. 19-cv-1386-SPM, the Court noted in that case that Jones's testimony was not rebutted because the defendant failed to present any witnesses. *See Jones v. Wall*, Case No. 19-cv-1386 (Doc. 62, pp. 7-9). In this case, however, the Court heard testimony from Kelly Pierce and found her testimony about the availability of grievance forms to be credible.

Jones next asks this Court to reconsider its ruling denying sanctions. He again rehashes arguments he has raised on numerous occasions. He argues that the copy of Grievance 162-8-19 offered by Defendants initially was cropped and that the grievance presented at the evidentiary hearing had different markings. Although Jones argues that the Court did not consider these markings, the Court acknowledged that the document presented at the hearing had certain words circled, but determined that those were later markings and did not indicate an attempt by the defense to mislead the Court (Doc. 134, p. 8). Jones offers no newly discovered evidence or mistake of law or fact. The Court has previously considered Jones's arguments and found them lacking.

Accordingly, Jones's motion to reconsider (Doc. 135) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 3, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**